## Case No. 16,197.

### UNITED STATES v. ROSSVALLY.

[3 Ben. 157.] [1]

District Court, E. D. New York. Feb., 1869.

COUNTERFEITING NATIONAL CURRENCY—CONSTRUCTION OF STATUTE.

1. Where the accused was convicted, under an indictment charging him with aiding and assisting in the making of a plate to be used in printing counterfeit national currency bank notes, and it appeared that the 11th section of the act, under which he was indicted, did not in terms speak of plates for printing national currency but that the 13th section of the act (13 Stat. 218) provided "that the words 'obligation or other security of the United States,' used in this act, shall be held to include * * * national currency:" but the phrase "obligation or other security of the United States" nowhere appeared in the act: *Held*, that the 13th section referred to the words used separately, and not as a phrase, and that the quotation marks must be disregarded.

2. Inasmuch as the 11th section of the act used the word "obligation," that word must be held to include national currency, and the accused was rightly convicted.

The accused, in this case [Moritz Rossvally], was convicted, under an indictment under the 11th section of the act of June 30, 1864 (13 Stat. 218), of aiding and assisting in the making of a counterfeit plate from which counterfeit national currency bank notes could be printed. The 13th section of the act provides: "That the words 'obligation or other security of the United States,' used in this act, shall be held to include and mean all bonds, coupons, national currency," &c. A motion was made in arrest of judgment, on the ground that the phrase "obligation or

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

other security of the United States" did not occur in the 11th section of the act, nor did that section otherwise make it an offence to counterfeit national bank notes.

BENEDICT, District Judge. This case comes before the court upon a motion in arrest of judgment. The prisoner has been convicted under an indictment charging him with aiding and assisting in the making, preparing and engraving of a certain plate, in the likeness and similitude of certain parts of the plate from which are printed certain parts of a United States national currency note particularly described, and also with having in his control, custody and possession, a certain metallic plate, made, prepared and engraved in the likeness and similitude of certain parts of the plates from which are and have been printed, and which were designed for the printing of, certain parts of the United States national currency notes, particularly described, with intent to use the same in counterfeiting such notes. He now moves in arrest of judgment, upon the ground that the act of June 30, 1864, under which the indictment is found, creates no such offence as is charged, inasmuch as the words of the 11th section of the act, which is the section relied upon by the government, only relate to the bonds provided for in the act, and do not include the national currency, and that the provision of the 13th section of the same act, which declares "that the words 'obligation or other security of the United States,' used in this act, shall be held to include and mean all bonds, coupons, national currency * * * which have been or shall be issued under any act of congress," has no effect upon the words of the 11th section, for the reason that the phrase "obligation or other security of the United States" nowhere occurs in that section. The point is untenable. It is true that the phrase "obligation or other security of the United States" does not occur in the 11th section of the act in question, but it is also true that the phrase is nowhere used in the act. If, then, the 13th section is to be considered as confined in its effect to the defining of the phrase "obligation or other security of the United States," which appears there to be quoted as a phrase, the whole 13th section is without effect, and meaningless. No proper rule of construction requires this result. The act declares that the words, not the phrase, "obligation or other security of the United States," used in this act, shall be held to include national currency, and although the words appear inclosed in quotation marks, as a phrase, the fact, that no such phrase is used, indicates clearly that the section refers to the words when used separately, and not as a phrase. This would be the reading of the section, if the quotation marks were omitted; and these marks, if not placed as they are by a proof error, cannot be considered as sufficient to make useless so significant a section, which, without them, has a clear meaning and important effect. They must, accordingly, be disregarded. Under this construction, then, of the 13th section, it is manifest that the 11th section creates the offence here charged, for it uses the word "obligation," which, by the 13th section, is declared to include national currency. This is the only point which has been taken on behalf of the prisoner, and that being held against him, the motion must be denied.